RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 1 2015

JAMES N. HATTEN, Clerk
By: \_\_\_\_ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MICHAEL D. TYLER<br><br>Plaintiff,<br><br>vs.<br><br>CHILD SUPPORT RECOVERY SERVICE, INC., and it dba various names which include Child Support as a part of the name,<br><br>Defendant. | JUDGE _____<br><br>CASE NO. _____<br><br>**1:15-CV-0948** |

# MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR PRELIMINARY INJUNCTION

The Plaintiff files this Memorandum of Law in Support of Application for Temporary Restraining Order and Application for Preliminary Injunction, and respectfully shows the Court the following:

## I. INTRODUCTION

Sufficient evidence exists to support the conclusion that Defendant CHILD SUPPORT RECOVERY SERVICE, INC. individually and d/b/a Child Support Services (collectively CSS) are currently soliciting funds through the United

States mail by means of false representations. To prevent the continuation of this fraudulent scheme, the Plaintiff files this complaint pursuant to 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379.

The Plaintiff is entitled to apply to this Court for a Temporary Restraining Order and a Preliminary Injunction under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, in response to CSS's false representations, pending completion of the subsequent judicial process. Without an order under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, Plaintiff is powerless to defend himself from Defendant's false billing scheme after the conclusion of the judicial proceeding. Moreover, the Plaintiff does not have means nor authority as part of the 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379 proceeding to compel refunds as one of the victims of a Defendant's scheme.

Under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, this Court need only find that there is a likelihood of success on the merits of the 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379 proceeding in order to issue the requested equitable relief. If the Court does not award the requested relief under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, CSS will continue to reap the profits of its unlawful conduct until the administrative process is completed.

II.

## STATEMENT OF FACTS IN SUPPORT OF § 3007 INJUNCTION

Plaintiff respectfully refers the Court to the Complaint and all its Components for a full recitation of the facts on which it proceeds.

III.

## ARGUMENTS AND AUTHORITIES

To protect consumers from losing their money permanently, Congress has empowered the district court in any district in which mail is sent or received as part of the alleged scheme or device to issue a temporary restraining order and preliminary injunction

Pursuant to the procedural requirements of Rule 65 of the Federal Rules of Civil Procedure. Child Support Services sends mail from and receives mail at address P.O. Box 547, Elkhart, Indiana 46515. The district court is to award such relief "upon a proper showing of proof of a likelihood of success on the merits of the proceedings under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379.

To the extent that the 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379 remedy may create some degree of hardship to the Defendant, such hardship is far outweighed by the benefit gained by the general public. *See United States Postal Service v. Beamish*, 466 F.2d 804, 807 (3d Cir. 1972) (upholding an injunction issued under §

3007 "in view of the potential number of customers irretrievably affected by Defendant's misleading advertisements).

To issue an injunction pursuant to 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, this Court must conclude that there is proof of a likelihood of success on the merits of the proceedings under 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379. that is, that there is a proper showing that the Defendants are engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations.

The submission of subsequent Exhibits will demonstrate: the Plaintiff will prove). that Defendant is operating a false representations scheme using the U.S. mails for the purpose of defrauding individuals. The administrative complaint properly alleges and supports the conclusion that Defendants have violated 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379.

. The statutory prerequisites for entry of a 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379 injunction have been met.

The showing necessary is that the language of the false representations was reasonably calculated to cause persons of ordinary prudence an comprehension to be deceived. *USPS v. Allied Treatment, Inc.*, 730 F.Supp. 738 (N.D.Tex. 1990); and *USPS v. Outpost Development Corp.*, 369 F.Supp.

399 (C.D.Cal. 1973) *aff'd (without opinion)* 414 U.S. 1105, 94 S.Ct. 832, 38 L.Ed.2d 733.

**B. Section 3007 Does Not Require Proof That the Public Will Suffer Irreparable Harm.**

Section 3007 authorizes this Court to issue a temporary restraining order and a preliminary injunction "pursuant to rule 65 of the Federal Rules of Civil Procedure . . . . upon a showing of proof of the likelihood of success on the merits of the proceeding under Section 3005". Although an applicant for injunctive relief under Rule 65 ordinarily must show that it will suffer irreparable injury if the Defendant is not enjoined, the courts have uniformly held that the "irreparable injury" standard governing traditional equitable remedies does not apply to statutory injunctions issued pursuant to 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379. *USPS v. Athena Products, Ltd.*, 654 F.2d 362 (5th Cir. 1981) *reh. den.* 660 F.2d 499, *cert. den.* 456 U.S. 915, 102 S.Ct. 1768, 72 L.Ed.2d 173; *USPS v. Beamish*, 466 F.2d 804 (3d Cir. 1972); *USPS v. Yellow Page Directory Publishers, Inc.*, 420 F.Supp.2d 1363 (N.D.Ga. 2006); *USPS v. Allied Treatment, Inc.*, 730 F.Supp. 738 (N.D.Tex. 1990); *USPS v. Stimpson*, 515 F.Supp. 1149 (N.D.Fla. 1981); *USPS v. Oriental Nurseries, Inc.*, 491 F.Supp. 1265 (S.D.Fla. 1980); and *USPS* v. International Term Papers, Inc., 351 F.Supp. 76 (D.Mass. 1972) vacated on other grounds 477 F.2d 1277.

The absence of an "irreparable harm" requirement is fully consistent with the general rule that irreparable harm is presumed in injunctive actions brought by the United States under statutes principally intended to protect the public. *See, e.g., Government of the Virgin Islands Dept. of Conservation and Cultural Affairs v. Virgin Islands Paving, Inc.*, 714 F.2d 283, 286 (3d Cir. 1983) ("when a statute contains, either explicitly or implicitly, a finding that violations will harm the public, the courts may grant preliminary equitable relief on a showing of a statutory violation without requiring any additional showing of irreparable harm"); *United States v. Siemens Corp.*, 621 F.2d 499, 506 (2d Cir. 1980).

**C. Requisite Proof of Likelihood of Success on Merits of § 3005 Proceedings Exists If Defendant's Advertisements Convey False Representations to the Ordinary, Unsuspecting Reader Through Statements or Implications.**

In § 3005 cases, courts first determine what representations an advertisement makes and whether these representations are false. *See, e.g., Unique Ideas, Inc., v. United States Postal Service*, 416 F. Supp. 1142, 1145 (S.D.N.Y. 1976). In determining whether a Defendant's solicitations contain false representations, they must be judged by their effect on "ordinary minds," the "trusting as well as the suspicious." *Donaldson v. Read Magazine, Inc.*, 333 U.S. 178, 189 (1948). They must also be viewed in their entire context. Judging a solicitation as a whole requires consideration not only of what it

states, but also what it reasonably implies. *U.S. Postal Service v. Allied Treatment, Inc.*, 730 F. Supp. 738, 739 (N.D. Tex. 1990). A court must consider the implications of a solicitation because it "may be completely misleading" even if "every sentence separately considered is literally true." *Donaldson v. Read Magazine, supra* 333 U.S. at 188. The central principle set forth by the Supreme Court in *Donaldson* is that a court must consider the overall message of an advertisement and its effect on the average, unwary person.

### D. Sufficient Evidence Exists to Show a Likelihood of Success on the Merits Under the § 3005 Proceeding.

#### 1. Child Support Services Makes the Misrepresentations As Alleged In the Administrative Complaint.

CSS conducts a deceptive scheme by using telemarketers to solicit custodial and non-custodial parents to enroll in their service by executing an "Exchange Agreement to Collect Child Support." They are falsely lead to believe CSS is associated with a state agency; they are authorized to collect payments from parents who are delinquent in paying child support; a significant amount of the money collected will go to pay child support; the fees collected by CSS are required by law or regulation and are reasonable; and Child Support Services can have persons not paying the child support payment arrested. It is clear from a review of subsequent Exhibits, CSS and their employees make the representations alleged in this complaint.

## 2. Child Support Services' Representations Are False and Material.

The representations made by CSS's employees are false and material. Plaintiff relied, under duress, on statements made by CSS employees to make a decision and acquiesce to the use of services offered by CSS. The representations promulgated by CSS are false. CSS is a for profit business and is not associated with any state agency. They are not authorized by law to collect payments from parents who are delinquent in paying child support nor are they authorized to have persons arrested for not paying child support. The fees and commissions charged and collected by CSS are not required by law or regulation and are not reasonable. A significant amount of the money collected by CSS does not go to pay child support.

## IV. CONCLUSION

The facts and law demonstrate that the Plaintiff has established that there is a likelihood of success on the merits of the administrative proceeding under § 3005. Accordingly, pursuant to 42 U.S. Code § 660, Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379, this Court should order, through entry of a Temporary Restraining Order.

Respectfully submitted,

*[signature]*

MIchael D. Tyler