IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL D. TYLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-948-LMM |
| CHILD SUPPORT RECOVERY | : | |
| SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). On April 2, 2015, Magistrate Judge Justin S. Anand granted Plaintiff *in forma pauperis* status for the purpose of allowing a frivolity determination. For the foregoing reasons, the Court finds Plaintiff's Complaint is frivolous.

1. Legal Standard.

28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil

Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. Id. at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In other words, a complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "seeks to enforce a right that clearly does not exist." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); see also Neitzke, 490 U.S. at 327. In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 556 U.S. 662,

680-685 (2009); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, the Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1998), cert. denied, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

3

action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

2. Discussion.

Plaintiff alleges that the Defendant "is engaged in a private business that collects child support payments by threat or intimidation and from those under court orders in accordance with those orders by fraud and misrepresentation." Dkt. No. [3] ¶ 7. Defendant allegedly pretends to be associated with the state agency responsible for collecting child support as a "scheme to obtain money through the mail based on false representations." Id. ¶ 10. As stated in his Complaint, "Plaintiff proceeds in this case under 42 U.S.[C.] § 660, Section 265 of the Judicial Code, [and] 28 U.S.C. § 379." Id. ¶ 11.

42 U.S.C. § 660 provides, "The district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." Plaintiff has not plead or otherwise produced any evidence that his action has been certified by the Secretary of Health and Human Services. See Walker v. Div. of Child Support Enforcement, No. 4:10CV171 FRB, 2010 WL 501789, at *1 (E.D. Mo. Feb. 8, 2010) ("[T]he Court notes that the limited grant of jurisdiction in 42 U.S.C. § 660 to hear civil actions certified by the Secretary of Health and Human Services does not apply in this case. First, the Secretary has not certified this case as required by the statute. Second, the Secretary may only certify applications from state governments to

4

enforce court orders against noncustodial parents."). Accordingly, his 42 U.S.C. § 660 claim is **DISMISSED, without prejudice.**

The Court also does not find that Plaintiff states a claim under "Section 265 of the Judicial Code, [and] 28 U.S.C. § 379" as these code sections do not exist. These claims are also **DISMISSED, without prejudice**.

Plaintiff's allegations more properly sound in common law fraud, in that he alleges the Defendant "deceived and misled [Plaintiff] on the nature and substance of the service the Defendant will provide," *inter alia*. Dkt. No. [3] ¶ 8. However, Plaintiff alleges that both he and the Defendant are citizens of Georgia—diversity jurisdiction would not be proper here. See id. ¶ 3.

3. Conclusion.

Plaintiff's Complaint is **DISMISSED as FRIVOLOUS** against Defendant. The Clerk is directed to close this case.

**IT IS SO ORDERED** this 13th day of April, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE